**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| GEORGE S. CHAPMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 3:10-CV-494 |
| | ) | |
| WILLIAM WILSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a complaint filed by Plaintiff, George S. Chapman, on November 29, 2010. For the reasons set forth below, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

BACKGROUND

George S. Chapman, a *pro se* prisoner, brings this civil action pursuant to 28 U.S.C. § 1983 seeking monetary damages from Superintendent William Wilson, the Indiana Parole Board, and the members of the Parole Board: C. Malone, T. Miller, W. Harris, and Ms. Parker. He alleges that on September 8, 2008, the Parole Board held and untimely hearing and as a result discharged him 60 days after his release date.

DISCUSSION

Pursuant to Title 28 U.S.C. section 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted.

Because there is no federal statute of limitations for section 1983 actions, courts apply the most appropriate state statute of limitations. Section 1983 claims are considered as personal injury claims for purposes of determining the applicable state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261 (1985). The Indiana statute of limitations applicable to section 1983 actions is the two-year period found in Indiana Code section 34-11-2-4. *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001).

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . ..

*Jones v. Bock*, 549 U.S. 199, 215 (2007). In this case, these claims arose on September 8, 2008 and the statute of limitations expired on September 9, 2010. Nevertheless, Chapman did not sign the

-2-

complaint until nearly two months later on November 3, 2010. Therefore the complaint must be dismissed because it is untimely.

Furthermore, even if the complaint had been timely, it would have been dismissed. First, the members of the Parole Board are immune from suit. *Wilson v. Kelkhoff*, 86 F.3d 1438, 1444 (7th Cir. 1996). Second, because the Eleventh Amendment prohibits monetary damage suits against States and their agencies, the Indiana Parole Board would have also been dismissed. *Kashani v. Purdue University*, 813 F.2d. 843, 845 (7th Cir. 1987). Finally, Superintendent William Wilson would have been dismissed because it was the Parole Board and not he who determined whether good cause existed to delay the hearing date. IND. CODE 11-13-6-9(f) ("Unless good cause for the delay is established in the record of the proceeding, the parole revocation charge shall be dismissed if the revocation hearing is not held within the time established by subsection (a).") Until such a determination had been made, he could not have released Chapman.

CONCLUSION

For the reasons set forth above, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**DATED: December 2, 2010** /s/RUDY LOZANO, Judge
**United States District Court**